IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


EDDIE L GLOVER,

    Plaintiff,

v.                                 CASE NO. 4:06-cv-00260-SPM-AK

LARRY CAMPBELL,
H DENNIS,
R HATCHMAN,
LEON COUNTY JAIL FOOD SERVICE DIRECTOR,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that on February 10, 2006, he found a worm in his food while eating dinner at the Leon County Jail. (Doc. 14).  Plaintiff complains that Officer Dennis went to get him another tray, but the food service workers told him there was nothing they could do about the worm.  Plaintiff was advised that his complaint failed to state a claim for a number of reasons (doc. 13), but he filed essentially the same complaint again.  (Doc. 14).

    Failure to properly prepare and serve nutritionally adequate meals may constitute an Eighth Amendment violation.  Adams v. Mathis, 458 F.Supp. 302 (MD Ala 1978), affd, 614 F.2d 42 (5 Cir. 1980).  However, the sporadic discovery of foreign objects in food does not establish a constitutional violation.  Landfair v. Sheahan, 878 F.Supp. 1106 (ND Ill. 1994) (absent showing of actual harm from foreign objects, no claim would lie).  Plaintiff does not allege more than a one time occurrence and has wholly failed to identify any injury that resulted from the object in his food.

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action.  If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available.[1]  Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Nominal damages may still be recovered even though there are no compensable damages.  Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the

---

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated."  Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and thereby constitutes a "strike" within the meaning of 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this **_22nd_** Day of March, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**